IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NINA REEVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No.: 4:19-cv-2586 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Nina Reeves, brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiff Complains of the United States of America and would show the following:

### PARTIES

1.1   This case arises out of bodily injuries caused by a dangerous condition at the Michael E. DeBakey VA Medical Center located in Houston, Texas.

1.2   Plaintiff is Nina Reeves and she resides in Baytown, Texas.

1.3   Defendant is the United States of America. Michael E. DeBakey VA Medical Center located at 2002 Holcombe Boulevard, Houston, Texas 77030.

### JURISDICTION, SERVICE, & VENUE

1.4   This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act.

1.5   The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the

United States Attorney Ryan Patrick, United States Attorney for the Southern District of Texas by certified mail, return receipt requested at his office:

> United States Attorney's Office
>
> ATTN: Civil Process Clerk
>
> 1000 Louisiana, Suite 2300
>
> Houston, Texas 77002

1.6	Service is also affected by serving a copy of the Summons and Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested at:

> The Attorney General's Office
>
> ATTN: Civil Process Clerk
>
> 950 Pennsylvania Avenue, NW
>
> Washington, DC 20530-0001

1.7	Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES

1.8	This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671-2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the Michael E. DeBakey VA Medical Center, while acting within the scope of their

office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual.

1.9     The Michael E. DeBakey VA Medical Center is an agency of the United States of America. The Defendant United States of America, through its agency, the Department of Veterans Affairs, at all material times owned, operated and controlled the Michael E. DeBakey VA Medical Center, and staffed its facilities with its agents, servants, and employees.

1.10    At all material times, all persons involved in the incident made the basis of this action were agents, servants, or employees of the United States of America or its agency, and were at all material times acting within the course and scope of their employment.

## JURISDICTIONAL PREREQUISITES

1.11    Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the Department of the Army on June 14, 2017. On March 18, 2019, the United States of America finally denied, in writing and by certified mail, return receipt requested, the claims of Nina Reeves.  This lawsuit was filed within six (6) months of the final denial of Plaintiff's claims.

1.12    Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

1.13    This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff arising out of the personal injuries to Nina Reeves as a result of a dangerous condition on the premises of the VA Hospital.

1.14    On or about December 29, 2015, Plaintiff, Nina Reeves, was visiting her husband who was being treated at the Michael E. DeBakey VA Medical Center.  As Mrs. Reeves entered her

husband's room, she slipped on a wet substance on the floor. Immediately after the fall, an employee exited the patient's restroom with a mop in his hand. Mrs. Reeves was taken to the emergency room where she was diagnosed with a subarachnoid hemorrhage. As a result of the fall, Mrs. Reeves suffered a traumatic brain injury which continues to cause her pain and impair her cognitive abilities.

1.15    The dangerous condition herein referenced was a proximate or producing cause of Plaintiff's damages as herein set forth.

## PREMISES LIABILITY

1.16    On the occasion in question, Defendant was the owner of or an entity having control of the premises where the injury occurred. The condition which caused the injury was such as to pose an unreasonable risk of harm to the public in general and Plaintiff specifically. Defendant knew or reasonably should have known of the danger created by the condition in question but failed to exercise ordinary care to protect the public, and Plaintiff specifically, from the danger, by both failing to adequately warn the public and Plaintiff particularly of the condition, and by failing to make that condition reasonably safe. Defendant failed to exercise that degree of care which would be used by an owner or occupier of a premises of ordinary prudence under the same or similar circumstances.

## DAMAGES SUSTAINED BY PLAINTIFF

1.17    Plaintiff seeks recovery of all damages permitted by Texas law as a result of Defendant's negligence or responsibility under premises liability law, including, but not limited to, past and future medical expenses, past and future loss of earning capacity, past and future physical impairment, past and future physical pain and mental anguish.

## INTEREST

1.18    Plaintiff also seeks recovery of all prejudgment and post-judgment interest allowed by applicable law.

## REQUEST FOR DISCLOSURE

1.19    Pursuant to the Federal Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 26(a).

## CONCLUSIONS AND PRAYER

1.20    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final trial and hearing hereof, Plaintiff have judgment against Defendant for her compensatory damages; that Plaintiff also recover prejudgment and post-judgment interest on their damages at the applicable legal rate and all Court costs incurred in this litigation; and that Plaintiff have such other and further relief to which she may show herself entitled.

Respectfully Submitted,

THE SOILEAU LAW FIRM, P.C.
P.O. BOX 5725
Pasadena, TX  77508
(713) 341-0220
(713) 341-0222 FAX
chris@thesoileaulawfirm.com

By:    */s/ Christopher Soileau*
*Christopher Soileau*
SBN:  24059068
Attorney for Plaintiff